UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

Case No. 2:18-cv-11493

    Plaintiff,

HONORABLE STEPHEN J. MURPHY, III

v.

CHERYL HARRISON
ROBINSON, et al.,

    Defendants.
                           /

**OPINION AND ORDER FINDING DEFENDANTS'
MOTION FOR RECONSIDERATION [18] MOOT, DENYING
DEFENDANTS' AMENDED MOTION FOR RECONSIDERATION [19],
GRANTING PLAINTIFF'S MOTION FOR INTERPLEADER DEPOSIT [21],
ALLOWING PLAINTIFF TO DEPOSIT LIFE INSURANCE BENEFITS
INTO THE COURT, AND DISMISSING PLAINTIFF WITH PREJUDICE**

On May 11, 2018, Plaintiff Metropolitan Life Insurance Company ("MetLife") filed a complaint in interpleader against Defendants. ECF 1. On September 19, 2018, MetLife filed a motion for summary judgment. ECF 13. On December 19, 2018, the Court granted MetLife's motion. ECF 17.

On December 29, 2018, the Daugherty Defendants—David, Michael, and Suzanne Robinson—filed a motion for reconsideration. ECF 18. On December 30, 2018, they filed an amended motion for reconsideration. ECF 19.[1] On January 4,

---

[1] Although titled a "motion for reconsideration," the Daugherty Defendants' motion relies upon Rules 59 and 60, which allow for amendment or alteration of, or relief from, a judgment. The Court will therefore construe the motion as such and will not consider the motion under Local Rule 7.1(h)'s standard for a motion for reconsideration.

1

2019, MetLife filed a motion for interpleader deposit. ECF 21. Defendants did not respond to the motion for interpleader. The Court has reviewed the briefs and finds that a hearing is unnecessary. The Court will deny the Daugherty Defendants' amended motion for reconsideration, find their original motion for reconsideration moot, and grant MetLife's motion for interpleader deposit.

## BACKGROUND

The Court detailed the relevant facts of the case in its summary judgment order. *See* ECF 17, PgID 336–344. The Court incorporates the fact recitation here.

## STANDARD OF REVIEW

I. <u>Motion to Alter or Amend Judgment</u>

A federal court may grant a Rule 59(e) motion to alter or amend a judgment there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

II. <u>Motion for Relief from Judgment or Order</u>

A federal court may grant a Rule 60(b) motion for relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

Rule 60(b)(1) "provide[s] relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or

2

order." *Christian v. Hoffner*, No. 17-2105, 2018 WL 4489140, at *2 (6th Cir. May 8, 2018) (quotation omitted.)

Rule 60(b)(6) is a catch-all provision and applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (quotation omitted).

## DISCUSSION

I. <u>Daugherty Defendants' Rule 59(e) and Rule 60(b) Motion</u>

The Daugherty Defendants' motion relies upon the same premise: the Court erred by determining that Cheryl Robinson was entitled to 80% of Decedent's Basic Life Insurance benefits. The Daugherty Defendants renew their objection that Decedent's changes in beneficiary designations resulted from "fraud" and "forgery." ECF 19, PgID 381. The Daugherty Defendants challenge the legitimacy of Decedent's August 2017 Designations. *See* ECF 17, PgID 338–39 (explaining the August 2017 Designations).

The Daugherty Defendants identify several concerns with the August 2017 Designations: (1) they insist the writing on the Form and Letter Designations are distinct; (2) Decedent's signature was taped on the letter; (3) MetLife's documents reveal an inconsistency; and (4) David and Michael's addresses are incorrectly listed. ECF 19, PgID 381. They further argue that Cheryl Robinson's initiation and conduct of a phone call for Decedent's October 2017 Designation evinces fraud and forgery. *Id.* at 382; *see also* ECF 17, PgID 340 (describing Decedent's October 2017 Designation). Finally, the Daugherty Defendants "assert that [Decedent] would never

3

change his policy" to leave Cheryl Robinson so much of his life insurance proceeds. ECF 19, PgID 382–83. The Daugherty Defendants insist that the Court's alleged factual error entitles them to relief to either prevent a manifest injustice under Rule 59(e) or to correct its mistake under Rule 60(b)(1).[2]

The Daugherty Defendants' argument is unavailing. MetLife distributed only 80% of Decedent's Basic Life Insurance Benefits because it determined Michael and David Robinson made a sufficient claim to create a dispute as to the remaining 20%. ECF 13, PgID 274–75. The Court agreed with that determination noting that, from October 2014 to present, Cheryl Robinson was entitled to at least 80% of the Basic Life Insurance Benefits. ECF 17, PgID 341, 350. The Daugherty Defendants did not, and do not, contest the validity of the October 2014 Designation, which entitled Cheryl Robinson to 100% of both of Decedent's Basic Life and Optional Life Insurance Benefits. *See id.* at 338.

As the Court previously explained, the July 2015 Designation did not change the Basic Life Insurance Benefits. *Id.* The August 2017 Designations included a Form and Letter Designation. *Id.* at 338–39. The Form Designation entitled Cheryl Robinson to 80% of Decedent's Basic Life Insurance Benefits; the Letter Designation entitled her to 100% of Decedent's Basic Life Insurance Benefits. *Id.* at 339. The

---

[2] Because Rule 60(b)(1)'s provision applies to the relief sought by the Daugherty Defendants, Rule 60(b)(6) does not apply. *See Ford Motor Co.*, 487 F.3d at 468.

Moreover, because the Daugherty Defendants' motion relies upon the same alleged factual error, the Court's analyses under Rule 59(e) and 60(b)(1) are the same.

4

October 2017 Designation related to Decedent's Optional Life Insurance Benefits. *Id.* at 340–41.

Thus, if the August 2017 and October 2017 Designations for the Basic Life Insurance Benefits are false, forged, or otherwise problematic—as the Daugherty Defendants allege—then the October 2014 Designation is operative. The October 2014 Designation entitled Cheryl Robinson to 100% of Decedent's Basic Life Insurance Benefits. *Id.* at 338. The Court therefore did not err by taking a conservative approach and agreeing with MetLife that only 80% of Decedent's Basic Life Insurance Benefits were not in dispute.

In summary, the Court's decision did not rely on a mistake or error of fact related to Decedent's Basic Life Insurance Benefits. As previously noted, 20% of Decedent's Basic Life Insurance Benefits and 100% of his Optional Life Insurance Benefits are subject to interpleader.[3] The Court will therefore deny the Daugherty Defendants' motion for reconsideration.[4]

---

[3] The Daugherty Defendants contend that the Court erroneously found that Suzanne Robinson lacked standing to contest Cheryl Robinson's receipt of the Basic Life Insurance Benefits. ECF 19, PgID 383. As the Court explained, however, Suzanne Robinson was entitled to *at most* 20% of Decedent's *Optional* Life Insurance Benefits and was never named as a beneficiary of his Basic Life Insurance Benefits. ECF 17, PgID 338, 347. The Daugherty Defendants' counterclaim for "arbitrary and capricious" related only MetLife's disbursement of 80% of Decedent's Basic Life Insurance Benefits to Cheryl Robinson. *See* ECF 5, PgID 161–62. The Court's decision was therefore not in error.

[4] Because the Daugherty Defendants' amended motion for reconsideration replaced their original motion for reconsideration, the original motion for reconsideration is moot.

II.   MetLife's Motion for Interpleader Deposit

On January 4, 2019, MetLife filed a motion to deposit the remaining life insurance benefits and to be dismissed from the case with prejudice. ECF 21. MetLife seeks to deposit $15,600 and $125,000—the amounts representing 20% of Decedent's Basic Life Insurance Benefits and 100% of Decedent's Optional Life Insurance Benefits, respectively. *Id.* at 411. The amount totals $140,600 plus applicable interest.

Interpleader actions allow a federal court to resolve disputes between claimants to certain kinds of money after the stakeholder "has deposited such money or property . . . into the registry of the court[.]" 28 U.S.C. § 1335(a). An interpleader action has two parts: (1) "the court determines whether the stakeholder has properly invoked interpleader," and (2) "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes[.]" *Lindenberg v. Jackson Nat'l Life Ins. Co.*, —F.3d—, No. 17-6034/6079, 2018 WL 6712507, at *3 (6th Cir. Dec. 21, 2018) (quotations omitted).

To satisfy the first part, MetLife must show: "(1) the existence of actual or potential conflicting claims to a limited fund or property held by the stakeholder, . . . (2) an amount in controversy of at least $500, . . . and (3) minimal diversity among the competing claimants." *Id.*; *see also* 28 U.S.C. § 1335. Here, MetLife has established all three elements.

There are conflicting claims to Decedent's Plan benefits, the benefits exceed $500, and there is minimal diversity between the claimants, *see* ECF 1, PgID 2–3

6

(David Robinson is a citizen of Georgia and all other claimants are citizens of Michigan). The Court will therefore grant MetLife's motion, allow MetLife to deposit the funds in the court registry, dismiss MetLife from the case, and permit Defendants to contest the distribution of the funds via the normal litigation process.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants David, Michael, and Suzanne Robinson's amended motion for reconsideration [19] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **FINDS** Defendants David, Michael and Suzanne Robinson's motion for reconsideration [18] **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for interpleader deposit [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1335, Plaintiff MetLife shall **DEPOSIT** with the Clerk of the Court an interest-bearing account in the amount of $140,600.00 (One Hundred Forty Thousand Six Hundred Dollars) plus applicable interest—which constitutes the remaining group life insurance benefits payable under the General Motors Life and Disability Benefits Program (the "Plan") by reason of the death of William Robinson, Decedent—no later than **January 21, 2019**.

**IT IS FURTHER ORDERED** that after Plaintiff deposits the remaining plan benefits into an interest-bearing account with the registry of the court, the Clerk of the Court is **AUTHORIZED** to deduct from the account any fee "authorized by the Judicial Conference of the United States." E.D. Mich. LR 67.1(a)(2).

**IT IS FURTHER ORDERED** that upon deposit of the remaining plan benefits, Plaintiff MetLife is **DISMISSED WITH PREJUDICE**. The dismissal shall fully relieve MetLife, the Plan, and General Motors of any and all liability with respect to the group life insurance benefits payable by reason of the death of Decedent.

**IT IS FURTHER ORDERED** that upon deposit of the remaining plan benefits, Defendants in this case are **ENJOINED** and **RESTRAINED** from instituting any other action in any state or federal court against MetLife, the Plan, and/or General Motors for recovery of the Plan benefits payable by reason of the death of Decedent.

This is not a final order and does not close the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: January 22, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2019, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager

8